Timothy J. Silverman, Esq. [SBN 145264]
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (858) 793-8500
Facsimile: (858) 793-8263

Attorneys for Creditor
CABRILLO CREDIT UNION

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MICHAEL E. LEE,<br><br>    Debtor. | Case No: 6:09-bk-10720-MJ<br><br>**NOTICE OF WITHDRAWAL OF PROOF OF CLAIM** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Creditor CABRILLO CREDIT UNION, by and through its attorneys of record, hereby withdraws its duplicate Proof of Claim, filed May 28, 2009, in the amount of $19,030.55, a copy of which is attached hereto. This is Claim number 3 in the Claims Register.

Dated: October 2, 2009,

Respectfully submitted,

SOLOMON, GRINDLE, SILVERMAN & SPINELLA

By:_____
Timothy J. Silverman, Esq.
Attorneys for CABRILLO CREDIT UNION

1

| | | |
|---|---|---|
| PO Box 10390<br>Greenville, SC 29603-0390 | Date: 06/19/2009 | Modified: |

| Unsecured claimed: $2563.06 |
|---|
| **Total claimed: $2563.06** |

History:
Details　4-1　06/19/2009　Claim #4 filed by Dell Financial Services L.L.C., total amount claimed: $2563.06 (Gaines, Susan )

Description:

Remarks:

| | | |
|---|---|---|
| Creditor:　(24573007)<br>Recovery Management Systems Corporation<br>For Capital Recovery II LLC<br>As Assignee of HSBC<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131 | **Claim No: 5**<br>Original Filed Date: 09/08/2009<br>Original Entered<br>Date: 09/08/2009 | Status:<br>Filed by: CR<br>Entered by: Singh, Ramesh<br>Modified: |

| Unsecured claimed: $11602.04 |
|---|
| **Total claimed: $11602.04** |

History:
Details　5-1　09/08/2009　Claim #5 filed by Recovery Management Systems Corporation, total amount claimed: $11602.04 (Singh, Ramesh )

Description:

Remarks:

| | | |
|---|---|---|
| Creditor:　(24573329)<br>PYOD LLC its successors and assigns as assignee of<br>Citibank<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | **Claim No: 6**<br>Original Filed Date: 09/08/2009<br>Original Entered<br>Date: 09/08/2009 | Status:<br>Filed by: CR<br>Entered by: Gaines, Susan<br>Modified: |

| Unsecured claimed: $3796.73 |
|---|
| **Total claimed: $3796.73** |

History:
Details　6-1　09/08/2009　Claim #6 filed by PYOD LLC its successors and assigns as assignee of, total amount claimed: $3796.73 (Gaines, Susan )

Description:

Remarks:

| | | |
|---|---|---|
| Creditor:　(23855476)<br>Cabrillo Credit Union<br>c/o Timothy J. Silverman<br>Solomon, Grindle, Silverman & Spinella,<br>12651 High Bluff Drive, Suite 300<br>San Diego, CA 92130 | **Claim No: 7**<br>Original Filed Date: 09/10/2009<br>Original Entered<br>Date: 09/10/2009 | Status:<br>Filed by: CR<br>Entered by: Silverman, Timothy<br>Modified: |

| Secured claimed: $12450.66 |
|---|
| **Total claimed: $12450.66** |

*[handwritten: for vehicle. - being pd for the plan. 10020]*

History:
Details　7-1　09/10/2009　Claim #7 filed by Cabrillo Credit Union, total amount claimed: $12450.66 (Silverman, Timothy )

Description:

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|
| Name of Debtor:<br>MICHAEL EVERETT LEE | Case Number:<br>6:09-bk-10720-MJ |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**CABRILLO CREDIT UNION**

Name and address where notices should be sent:
CABRILLO CREDIT UNION c/o Timothy J. Silverman, Esq.
Solomon, Grindle, Silverman & Spinella, Esq.
12651 High Bluff Drive, Suite 300, San Diego, CA 92130

Telephone number: (858) 793-8500

[ ] Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ *(If known)*

Filed on: _____

FILED MAY 28 2009
CLERK U S BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

Name and address where payment should be sent (if different from above):
CABRILLO CREDIT UNION
Attention: Collections Department
10075 Carroll Canyon Road, Suite 200, San Diego, CA 92131

Telephone number: (858) 547-7400

[ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 19,030.55
   If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete item 5.
   [ ] Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** Money lent
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 1195
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: [ ] Real Estate   [ ] Motor Vehicle   [ ] Other
   Describe:
   Value of Property: $ 0.00   Annual Interest Rate 0.00 %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any: $ 0.00   Basis for perfection: _____
   Amount of Secured Claim: $ 0.00   Amount Unsecured: $ 0.00

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See Instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**
   Specify the priority of the claim.
   [ ] Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   [ ] Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business whichever is earlier – 11 U.S.C. §507 (a)(4).
   [ ] Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)
   [ ] Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
   [ ] Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
   [ ] Other – Specify applicable paragraph of 11 U.S.C. §507 (a) ( ___ ).
   **Amount entitled to priority:**
   $ 0.00
   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

Date: 5/26/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*[signature]*

Timothy J. Silverman, Esq., Attorney for Creditor, Cabrillo Credit Union

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CCD-B10

COPY

Timothy J. Silverman, Esq., SBN 145264
Solomon, Grindle, Silverman & Spinella, APC
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone (858) 793-8500
Facsimile (858) 793-8263

Attorneys for Plaintiff,
CABRILLO CREDIT UNION

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 18 2009

M. Preciado

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## COUNTY OF RIVERSIDE, TEMECULA COURT

### (LIMITED JURISDICTION)

CABRILLO CREDIT UNION,

    Plaintiff,

-vs-

MICHAEL E. LEE, an individual;
MICHELLE M. LEE, an individual; and
DOES 1 through 10, inclusive;

    Defendants.

Case No. TEC09 3087

**COMPLAINT FOR BREACH OF CONTRACT; AND MONEY LENT**

Principal Amount in Controversy: $19,030.55

Plaintiff complains and alleges as follows:

### GENERAL ALLEGATIONS
### COMMON TO ALL CAUSES OF ACTION

1.     Plaintiff, CABRILLO CREDIT UNION ("Plaintiff") is now, and at all times herein mentioned was, a corporation duly organized under the laws of the State of California, inside the jurisdictional boundaries of the above-entitled Court and authorized to lend money.

2.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant MICHAEL E. LEE, an individual; is now, and at all times herein mentioned, was an individual residing in the County of Riverside, State of California.

3.     Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant MICHELLE M. LEE, an individual; (hereinafter referred to collectively with Defendant

---
1
COMPLAINT FOR BREACH OF CONTRACT AND MONEY LENT

MICHAEL E. LEE as "Defendants") is now, and at all times herein mentioned, was an individual residing in the County of Riverside, State of California

4. The obligations hereinafter mentioned was incurred by the Defendants within the jurisdictional boundaries of the above-entitled Court and this Court is the proper Court for the trial of this action.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant, DOES 1 through 10 inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this Complaint when the names of said Defendant have been ascertained.

6. Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned, Defendant DOES 1 through 10, inclusive, were the agents, employees, servants, consultants, principals, employers or masters of each of their Co-Defendants and each Defendant has ratified, adopted or approved the acts or omissions hereinafter set forth of the remaining Defendant, and each and every Defendant, when acting as principal was negligent in the selection and hiring of each and every other Defendant as agent, employee, consultant and the like. Plaintiff is further informed and believes, and upon such information and belief alleges that each of these fictitiously-named Defendants is responsible in some manner for acts, omissions or indebtedness herein alleged, and that said Defendants are indebted to Plaintiff as hereinafter set forth.

7. The within action is **not** subject to the provisions of Section 2981, et seq. (Rees-Levering Act), or Section 1801, et seq. (Unruh Act) of the Civil Code of the State of California.

### FIRST CAUSE OF ACTION

(For Breach of Contract as to Defendant MICHAEL E. LEE)

8. On or about February 22, 2002, Defendant MICHAEL E. LEE, for valuable consideration, made, executed and delivered to Plaintiff a MasterCard Agreement ("MasterCard Agreement") in which Defendant MICHAEL E. LEE agreed to pay for advances of credit extended by Plaintiff, with interest thereon. By executing the Agreement Defendant MICHAEL E. LEE agreed that extensions of credit would be subject to the terms and conditions outlined. A true and correct copy of the MasterCard Agreement is attached hereto, marked as **Exhibit "1"**, and incorporated herein by reference as though fully set forth.

9. Defendant MICHAEL E. LEE did utilize the revolving line of credit, and continued to do so, and Plaintiff extended credit on the basis thereof. Plaintiff has fully performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the MasterCard Agreement.

10. Defendant MICHAEL E. LEE made payments pursuant to the terms of said MasterCard Agreement from time to time, but has failed, refused and neglected, and continues to fail, refuse and neglect to make payments when due and under the terms of the Agreement. Following the default of Defendant MICHAEL E. LEE in making the required payments, Plaintiff declared the entire unpaid principal balance immediately due and payable, pursuant to its option to do so as set forth in the MasterCard Agreement.

11. There presently remains due, owing and unpaid from Defendant MICHAEL E. LEE to Plaintiff the principal sum of $7,000.00, together with interest thereon at the contract rate, plus late fees, from November 17, 2008, the date of default.

### SECOND CAUSE OF ACTION

(For Money Lent as to Defendant MICHAEL E. LEE)

12. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 of its General Allegations and incorporates the same herein by reference as though set forth at length.

13. Within the last seven (7) years, at the County of Riverside, State of California, Defendant MICHAEL E. LEE became indebted to Plaintiff in the principal sum of $7,000.00 for money lent by Plaintiff to Defendant MICHAEL E. LEE at the request of the Defendant MICHAEL E. LEE.

14. Plaintiff has made a number of demands upon Defendant MICHAEL E. LEE for repayment of the above sum, but neither the whole nor any part thereof has been paid, and there is now due, owing and unpaid by the Defendant the principal sum of $5,769.68, together with all interest due from on or about November 17, 2008, the date of default.

### THIRD CAUSE OF ACTION

(For Breach of Contract as to all Defendants)

15. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 14 of its General Allegations and incorporates the same herein by reference as though set forth at length.

16. On or about March 20, 2006, Defendants, for valuable consideration, made, executed and

COMPLAINT FOR BREACH OF CONTRACT AND MONEY LENT

delivered to Plaintiff an Open End Credit Plan Advance ("Credit Agreement") in which Defendants agreed to pay for advances of credit extended by Plaintiff, with interest thereon. By executing the Agreement, Defendants agreed that extensions of credit would be subject to the terms and conditions outlined. A true and correct copy of the Credit Agreement is attached hereto, marked as **Exhibit "2"**, and incorporated herein by reference as though fully set forth.

17. Defendants did utilize the revolving line of credit, and continued to do so, and Plaintiff extended credit on the basis thereof. Plaintiff has fully performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Credit Agreement.

18. Defendants made payments pursuant to the terms of the Credit Agreement from time to time, but have failed, refused and neglected, and continue to fail, refuse and neglect to make payments when due and under the terms of the Credit Agreement. Following the default of the Defendants in making the required payments, Plaintiff declared the entire unpaid principal balance immediately due and payable, pursuant to its option to do so as set forth in the Credit Agreement.

19. There presently remains due, owing and unpaid from Defendants to Plaintiff the principal sum of 12,030.55, together with interest thereon at the contract rate, plus late fees, from the date of default.

## FOURTH CAUSE OF ACTION

(For Money Lent as to all Defendants)

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 of its General Allegations and incorporates the same herein by reference as though set forth at length.

21. Within the last three (3) years, at the County of Riverside, State of California, Defendants became indebted to Plaintiff in the principal sum of $12,030.55 for money lent by Plaintiff to Defendants at the request of the Defendants.

22. Plaintiff has made a number of demands upon the Defendants for repayment of the above sum, but neither the whole nor any part thereof has been paid, and there is now due, owing and unpaid by the Defendants the principal sum of $12,030.55, together with all interest due from the date of default.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1. For the principal sum of $7,000.00, together with interest thereon at the contract rate from

---
4
COMPLAINT FOR BREACH OF CONTRACT AND MONEY LENT

November 17, 2008, the date of default;

**AS TO THE SECOND CAUSE OF ACTION:**

2. For the principal sum of $7,000.00, together with all interest due at the contract rate from November 17, 2008, the date of default;

**AS TO THE THIRD CAUSE OF ACTION:**

3. For the principal sum of $12,030.55, together with interest thereon at the contract rate from the date of default;

**AS TO THE FOURTH CAUSE OF ACTION:**

4. For the principal sum of $12,030.55, together with all interest due at the contract rate from the date of default;

**AS TO ALL CAUSES OF ACTION:**

5. For costs of suit incurred herein, including reasonable attorneys' fees pursuant to Civil Code Section 1717 or 1717.5 as is applicable;

6. For such other and further relief as the Court deems just and proper.

Dated: February 18, 2009

Respectfully submitted,

SOLOMON, GRINDLE, SILVERMAN & SPINELLA, APC

By: _____
TIMOTHY J. SILVERMAN, ESQ
Attorneys for Plaintiff,
CABRILLO CREDIT UNION

H:\COMMON\TJS\C - D\Cabrillo\Lee, M\COMPLAINT.wpd

---
5
COMPLAINT FOR BREACH OF CONTRACT AND MONEY LENT

# "Mini-App" Loan Application

Account No. ██████████  Michael Lee

Loan Amount Requested  15000.00 Auto  1000.00 M/c

Purpose of Loan _____

☐ **Individual Credit:** Complete APPLICANT section. Also, complete CO-APPLICANT section about your spouse:
(1) If you live in a community property state (AZ, CA, ID, LA, NM, NV, TX, WA, WI), or
(2) If the property used to secure the loan is located in a community property state, or
(3) If your spouse will use the Account.
Your Spouse should NOT SIGN this application unless he/she wishes to be obligated on this Loan as a Co-Borrower.

☐ **Joint Credit:** Provide information about both of you by completing APPLICANT and CO-APPLICANT sections.

*Notice:* Married applicants may apply for a separate account. Check the appropriate box to indicate Individual or Joint Credit.

## Please tell us about yourself...

| Field | Applicant | Co-Applicant |
|---|---|---|
| LAST NAME | LEE | |
| FIRST NAME | Michael | |
| M.I. | E | |
| Mother's Maiden Name | Leach | |
| How Long | 1 mo | |
| Monthly Rent/Mortgage | 440 | |
| Previous Address | 1406 Maine Ave, Lynn Haven FL 32444 | |

## About Your Income...

| Field | Applicant | Co-Applicant |
|---|---|---|
| EMPLOYER NAME | USBP | |
| EMPLOYER ADDRESS | Brown Field Station | |
| CITY, STATE, ZIP | San Diego, CA | |
| HOW LONG | 9 mths | |
| PREVIOUS EMPLOYER | Omega Insurance Services  1-888-595-4080 | |
| OTHER INCOME | N/A | |

## SIGNATURES

Under penalty of perjury, you certify that the information given on this application is true, complete and given for the purpose of requesting a loan. A consumer credit may be requested in connection with this application. You understand that the Credit Union will use the information on this report to evaluate your credit worthiness authorize the Credit Union to disclose information regarding your Account to credit bureaus and creditors who inquire about your credit standing. Pursuant to state la are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your obligations. You agree that by signing this application or using, or authorizing another to use this account, to be liable for all charges on the account by all authorized and to be bound by the most recent account agreement and disclosure and all amendments that will be forwarded to you by the Credit Union. You have read and to the above terms.

SIGNATURE (APPLICANT): /s/ Michael Lee    DATE: 12/02/02

SIGNATURE (CO-APPLICANT): _____

---

- FOR CREDIT UNION USE ONLY -

Security Offered: _____

Loan Officer's Approval: _____

**EXHIBIT 1**

Signature _____ Date _____ Amount Approved _____

©1998 California Credit Union League    All Rights Reserved    CU Store CAT #4210    (Rev. 12/10/98)



**CABRILLO CREDIT UNION**
10075 Carroll Canyon Road, Suite 200
San Diego, CA 92131
(858) 547-7400

OPEN-END CREDIT PLA
DISCLOSURES, CREDIT AGREEMEN
AND SECURITY AGREEMEI

| ACCOUNT NUMBER |
|---|
| |

BORROWER'S NAME AND ADDRESS

Michael N Lee                                        Murrieta, CA

| DATE OF BIRTH |
|---|
| |

CO-BORROWER'S NAME AND ADDRESS

| DATE OF BIRTH |
|---|
| |

## AN OPEN-END CREDIT PLAN FROM MY CREDIT UNION

This Open-end Credit Plan is a quick and convenient way for me to obtain a loan when I need it. This is an open-end, multi-featured credit plan. You anticipa that I will borrow money (called "advances") from time to time under the Plan. Several types of credit, called "subaccounts", are available under the Pla Finance charges will accrue for any outstanding balance on the plan. You may, but do not have to, set credit limits on certain subaccounts or on the entire pl as a whole. The amount of credit available against any credit limit may vary in accordance with the payments I make against my outstanding balance. Whe sign this Open-end Credit Plan, I agree to the terms and conditions of the Open-end Plan, Credit Agreement, Security Agreement, Rates and Fo Addendum, Advance Receipt, and any similar document in connection with my Plan. Future advances will be governed by these terms even witho my future signature. However, you may require me to sign further documentation in order to protect the Credit Union's security interests or for oth appropriate purposes. Advances may be applied for by telephone, email, internet, fax, mail or in person.

## MEMBER'S DISCLOSURE STATEMENT

**HOW TO COMPUTE THE FINANCE CHARGE:** The Finance Charge is the total cost to me of obtaining credit through this credit plan. The Finance Char; begins to accrue on the date of each advance and accrues for each day the balance remains unpaid. The unpaid balance for each day is multiplied by th daily periodic rate to determine the Finance Charge for that day. The sum of these daily charges is the Finance Charge I will pay. The unpaid principal balanc is that balance which is in my account at the close of business after all transactions, including payments and new borrowings, have been entered.

**Fixed Annual Percentage Rate:** If the rate for a specific sub-account as shown on the attached addendum is fixed, it will be disclosed on the addendum.

**Variable Annual Percentage Rate:** If the rate shown on the attached addendum is variable for a specific sub-account, the Annual Percentage Rate and dai periodic rate may change. This change will depend on the increase or decrease of the average of the 26-week T-Bill rate in effect on the last day of eac month during the previous quarter rounded to the nearest 1/10 of 1%. On all variable rate advances, the interest rate will be increased to an Annua Percentage Rate by the addition of the "additional percentage points" as shown on the addendum. The rate will be adjusted quarterly to the index rate in effec on the first day of each quarter. The rate shall not exceed 5% of the initial rate disclosed herein. Monthly payments will remain the same and the change wi either increase or decrease the number of payments to be made.

**Discount Rates:** The rates disclosed as base rates may decrease to the discounted rate if I am utilizing the type of service for which the discount is given Should the service or services be discontinued then the rate will automatically increase to the base rate as disclosed in the addendum.

**Security Interest:** Collateral is required for all advances. The credit union will take a security interest in all my shares and deposits in the credit union including future additions, as security for advances under this plan. Additionally, the credit union will take a security interest in the property purchased with th advance or in property identified in the Advance/Revolving Request form or other security agreement for each secured advance under this plan. Propert) given as security for any other loan held by the credit union will also secure all amounts I owe under this plan (see Security Agreement on page 6).

**Property Insurance:** I am required to carry insurance against loss by fire, theft, or collision and comprehensive coverage on motor vehicles and other property pledged as security on my loan. The insurance may be obtained by any insurance broker of my choice. The insurer waives all rights of subrogation against the consumer. If I do not obtain property insurance, the credit union will provide it for me, at my expense.

**Late Charge:** In addition to the continued accrual of finance charges, if I fail to pay at least my minimum payment within 15 days after it is due, the credit union may assess a late charge of $10.00.

**Overdraft Protection:** If I request Overdraft Protection, any overdrafts on my share draft account will be charged against my line of credit limit and will be subject to the Finance Charge applicable to my line of credit limit amount.

## CREDIT PLAN RATES & FEES

*See separate Open-end Credit Plan Rates & Fees Addendum for Type of Transactions, Credit Plan Rates, and Fees that will apply to my Plan*

# EXHIBIT 2

NOTICE: SEE ATTACHED NOTICE FOR IMPORTANT INFORMATION REGARDING MY RIGHTS TO DISPUTE BILLING ERRORS.

| BORROWER NAME | | ACCOUNT NUMBER |
|---|---|---|
| Michael E Lee | | |

## CREDIT INSURANCE IS VOLUNTARY AND IS NOT REQUIRED TO OBTAIN YOUR LOAN

YOUR COVERAGE TERMINATES WHEN YOU REACH AGE 70 FOR CREDIT LIFE INSURANCE AND AGE 66 FOR CREDIT DISABIL INSURANCE.

### APPLICATION OF BORROWER
Minnesota Life Insurance Company, 400 Robert Street North, St. Paul, MN 55101-2098

| CREDITOR BENEFICIARY | LIFE POLICY NO. | EFFECTIVE DATE | SOURCE CODE | CLASS OF BUSINESS |
|---|---|---|---|---|
| CABRILLO CREDIT UNION | | | 3 | C |
| SECONDARY BENEFICIARY | DISABILITY POLICY NO. | LOAN EFFECTIVE DATE | SCHEDULED EXPIRATION DATE | LOAN OFFICER |

You are applying for the credit insurance marked below and authorizing the Creditor to add the charges for insurance to your loan each month as they beco due. You have the right to stop this authorization. Your signature below means that you agree that:

1. You are eligible for disability insurance as to each advance only if you are under age 66 and you are working for wages or profit 30 hours a week or m on the date you sign for the advance. If you are not, that particular advance will not be insured until you return to work. You are insured only for advan actually received by you. You are not insured for any unused credit which may be available to you.
2. Each month the insurance charge is calculated by multiplying the insured outstanding principal balance of your loan on the billing date by the rate sho in the Schedule. We can change the rate later on. But if we do, we will let you know in advance. The new rate will apply only to charges for insurance m after the date of the rate change.
3. Only the primary borrower is eligible for disability insurance.
4. You are not eligible for insurance after you have reached your 66th birthday and insurance will stop when you reach age 70 for life or age 66 for disabil
5. THIS INSURANCE MAY NOT COVER AN ADVANCE OR CHARGE UNDER YOUR CREDIT LINE IF YOUR DEATH OR DISABILITY RESULTS FROM CONDITION FOR WHICH YOU HAVE SEEN A DOCTOR OR A CHIROPRACTOR IN THE SIX MONTHS BEFORE THE ADVANCE OR CHARGE. (Re to "WHAT WE WON'T PAY" in your certificate for details.)
6. This insurance is voluntary and not a condition for approval of the loan.

THESE QUESTIONS MUST BE ANSWERED: You should understand that untruthful answers to these questions may cancel your insurance protection.

1. During the last two years, have you or your co-borrower been advised of or treated for cancer, heart disease, stroke, disease of liver or lungs, drug addiction or alcoholism?
2. During the last two years, have you or your co-borrower ever been diagnosed as having or been treated for AIDS, ARC or any disorder of your immune system?

Primary Borrower: ☐ Yes ☐ No   Co-Borrower: ☐ Yes ☐ No
☐ Yes ☐ No   ☐ Yes ☐ No

If you or your co-borrower answer "Yes" to either of the above questions, you understand that you are not eligible for insurance and will not be insured.

COVERAGE REQUESTED (*MONTHLY PREMIUM PER $100.00 OF OUTSTANDING LOAN BALANCE.)

☐ Yes ☑ No  Single Life   0.0?¢*   ☐ Yes ☑ No  Joint Life  0.209  ¢*  ☐ Yes ☑ No  Credit Disability  0.089 ¢

PRIMARY BORROWER  X [signature]  AGE 37  DATE 02/28/06
CO-BORROWER  X [signature]  AGE 36  DATE 02/28/06

WARNING: THIS INSURANCE MAY NOT BE ENOUGH TO COMPLETELY PAY OFF YOUR LOAN.

MHC-05-6301 LASER-SYM F. 33533

COPYRIGHT 2005 Minnesota Mutual Companies, Inc. All rights reserved.



**CABRILLO CREDIT UNIC**
10075 Carroll Canyon Road, Suite 200
San Diego, CA 82131
(858) 547-7400

OPEN-END CREDIT PL
ADVANCE RECE

| BORROWER'S NAME | | |
|---|---|---|
| MICHAEL E LEE | | DATE |
| ADDRESS (Street, City, State, Zip) | | 03/09/06 |
| Murrieta  CA | | MEMBER ACCOUNT NUMBER |

## SECURITY INFORMATION

THE ADVANCE IS SECURED BY YOUR SHARES, ALL PROPERTY SECURING OTHER PLAN ADVANCES AND LOANS RECEIVED IN THE PAST OR THE FUTURE, AND THE FOLLOWING:

| MOTOR VEHICLE: | YEAR | MAKE | MODEL | BODY TYPE | SERIAL NUMBER |
|---|---|---|---|---|---|
| SHARES PLEDGED: | ACCOUNT NUMBER | | AMOUNT $ | ACCOUNT NUMBER | AMOUNT $ |
| OTHER COLLATERAL: | | | | | |

## CREDIT INFORMATION

| DAILY PERIODIC RATE | ANNUAL PERCENTAGE RATE | PAYMENT AMOUNT | NUMBER OF PAYMENTS | FREQUENCY | DATE OF FIRST PAYMEN |
|---|---|---|---|---|---|
| 0.46575 % | 17.000 % | $ 301.00 | 60 | Monthly | 03/20/06 |
| PRESENT BALANCE | NEW PROCEEDS | OTHER CHARGES | | NEW BALANCE | |
| $ 2,030.55 | $ 10,000.00 | $ | | $ 12,030.55 | |

By accepting, using, or accessing the advance proceeds outlined above, Borrower agrees to abide by the terms of the Credit Agreement and GRANTS THE CREDIT UNION A SECURITY INTEREST IN THE PROPERTY DESCRIBED ABOVE. This pledge of security is governed by the Security Agreement t Borrower entered into when the Open-end Plan was opened. Property given as security for this loan or for any other loan will secure all amounts I owe credit union now and in the future. This includes a security interest in all my shares in the credit union. However, for purposes of this advance, the credit uni specifically waives any security interest it may have in my dwelling as explained in the Security Agreement. Non-purchase money household goods will secure future advances.

Negative Information Notice: You may report information about my account to credit bureaus. Late payments, missed payments, or other default on my account may be reflected in my credit report.

## FOR CREDIT UNION USE ONLY

| REQUESTED: | MEMBER PAYS PREMIUM FOR: | CHECK NUMBER: | PLAN/SUBACCOUNT NO.: | BRANCH NUMBER: | PROCESSED BY: |
|---|---|---|---|---|---|
| DATE | LOAN OFFICER COMMENTS: | | | | |
| | | | | | LOAN OFFICER INITIALS |

05-8400 LASER-SYM F. 33534

Copyright 2005 Minnesota Mutual Companies, Inc. All rights re..  .d.

| In re: MICHAEL E. LEE | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER 6:09-BK-10720-MJ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described PROOF OF CLAIM_____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On May 27, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**Gregory J Doan, Esq.**
**(Counsel for debtor)**
ecf@doanlaw.com

**Rod (MJ) Danielson**
**(Trustee)**
notice-efile@rodan13.com

**United States Trustee (RS)**
ustpregion16.rs.ecf@usdoj.gov

**Timothy J Farris**
**(Counsel for U.S. Trustee)**
timothy.j.farris@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On May 27, 2009_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009

F 9013-3.1

| In re: MICHAEL E. LEE | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER 6:09-BK-10720-MJ |

**Debtor**
Michael Everett Lee
39330 Calle San Clemente
Murrieta, CA 92562

**Trustee**
Rod (MJ) Danielson
4361 Latham Street, Suite 270
Riverside, CA 92501

The Honorable Meredith A. Jury **(Chambers Copy)**
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 27, 2009 | Holly J. Hurd | _/s/ Holly Hurd_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**